CHARLES KEHL *v.* HOPE OIL MILL & COMPRESS CO.

MALICIOUS PROSECUTION.          *Advice of counsel.          Good faith.          Peremptory instruction.*

Uncontradicted evidence that a defendant sued for malicious prosecution took the advice of reputable counsel, does not entitle him to a peremptory instruction where there is, evidence tending to show a want of probable cause and that he did not act in good faith upon such advice.

FROM the circuit court of Monroe county.

HON: EUGENE O. SYKES, Judge.

Kehl, the appellant, was plaintiff, and the Hope Oil Mill & Compress Co., the appellee, was defendant in the court below.    From a judgment for defendant, upon peremptory instruction, the plaintiff appealed to the supreme court.    The facts are sufficiently stated in the opinion of the court.

*Clifton & Eckford* and *Roane & McClellan,* for appellant.

*Walker & Tubb,* for appellee.

The briefs of counsel in this case were lost from the record, and the reporter was unable to find them.

TERRAL, J., delivered the opinion of the court.

The appellant sued the appellee for a malicious prosecution of him on a charge of theft.    The defendant company pros-

ecuted the appellant for the larceny of two compress receipts of two bales of cotton from said company. The appellant was arrested and bound over to the circuit court, but no indictment was found against him, when he was discharged. Upon the trial it was shown that the superintendent of the compress company, who preferred the charge against the appellant, took and followed the advice of reputable counsel. A peremptory in struction for defendant was given.

The peremptory instruction should not have been given; the case should have been submitted to the jury. If the peremptory instruction rested upon the fact that the superintendent of the defendant company acted upon the advice of counsel, it should not have been given, for, in order that the advice of counsel may be a defense, it must clearly appear that the party acted in good faith upon such advice, and the evidence of W. Kehl, the father of Charles Kehl, that the superintendent of the defendant company demanded of him that he should make the bale of cotton right, and unless he should do so declared that it would cost him more than fifty bales of cotton, and other particles of evidence in the case, make the question of the good faith of said superintendent in instituting said prosecution a matter for the decision of the jury. And if the peremptory instruction was given because it was thought that probable cause was shown, still we think the learned judge erred, and that he should have submitted that question to the jury.

*Reversed and remanded.*